UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

MICHAEL EIRSHEL FRIESZELL,

    Plaintiff,

v.

BOURBON COUNTY, KENTUCKY,

    Defendant.

No. 5:20-CV-359-WOB-HAI

RECOMMENDED DISPOSITION

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On July 17, 2020, the Western District received a *pro se* civil rights complaint from state prisoner Michael Eirshel Frieszell. D.E. 1. He alleges that he has lupus, a severe clotting disorder, "end stage" COPD, congestive heart failure, and a "paralyzed" lung. *Id*. at 4. He alleges that staff at the Bourbon County Detention Center ignored these conditions and placed his life in grave danger. *Id*. He alleges they failed to provide oxygen and medications on the basis it would be too expensive. *Id*. He also claims there were "threats of retaliation." *Id*. at 5. He seeks a million dollars in compensatory damages plus a million dollars in punitive damages. *Id*. at 6. At the time, Frieszell was housed at the Roederer Correctional Complex. *Id*. at 1, 7. The case was transferred to this District on August 19. D.E. 6, 7.

Frieszell was granted leave to proceed *in forma pauperis*. D.E. 11. That Order informed him that he "must keep the Clerk's Office apprised of any change of his address. Frieszell is cautioned that if he fails to notify the Clerk's Office of a change in his address, his case may be dismissed." *Id*.

District Judge Bertelsman conducted an initial screening of the complaint. D.E. 15. He allowed Frieszell's claim to proceed against Bourbon County that the County had a policy or custom of denying inmates medications that are cost-prohibitive. *Id*. That Screening Order stated, "Frieszell must immediately advise the Clerk's Office of any change in his mailing address. **Failure to do so may result in dismissal of this case.**" *Id*. at 3.

On November 23, 2020, Judge Bertelsman referred this matter to the undersigned to "to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions." D.E. 18. The same day, the undersigned entered a Scheduling Order. D.E. 20.

On April 26, 2021, Defendant Bourbon County filed a timely motion for summary judgment along with various attachments. D.E. 26. The Court then entered an order reminding Frieszell that any response to Defendant's motion was due by May 26. D.E. 27. The Order cautioned, "**A failure to respond may result in granting the motion and entry of judgment in Defendant's favor.** *See* Joint Local Civil Rule 7.1.(c)." *Id*.

Joint Local Civil Rule 7.1(c) states, "Failure to timely respond to a motion may be grounds for granting the motion." Additionally, Joint Local Civil Rule 5.3(e) states, "**Notification of Change in Address; Sanctions.** All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."

On May 4, 2021, the Court's April 26 Order was returned as undeliverable. D.E. 28. A notation on the envelope says Frieszell has not been at Roederer since February 24, 2021. *Id*. Frieszell's last contact with the Court regarding this case was a letter received on December 14,

2020, requesting documents. D.E. 21. If Frieszell left Roederer on February 24, this means he also may not have received Defendant's motion for summary judgment, which was served at Roederer. D.E. 26.

It is now well past Frieszell's May 26 deadline to respond to Defendant's motion for summary judgment. And, despite multiple warnings, it appears he has changed facilities without informing the Court of his new address. Frieszell's complaint is subject to dismissal both for failure to maintain his address and failure to timely respond to the motion for summary judgment. Joint Local Civil Rules 5.3(c), 7.1(c).

### I.

First, Defendant's motion for summary judgment may be granted due to Freiszell's failure to respond. When a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Frieszell has filed no timely response nor a request for an extension of the May 26 response deadline. The Court may therefore grant Defendant's motion based on the lack of response.

**II.**

Second, Freiszell's complaint may be dismissed for failure to prosecute. Federal Rule of Civil Procedure 41(b) states:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) contemplates a motion to dismiss, the Rule has long been interpreted to permit a court to dismiss an action on its own initiative because a plaintiff has failed to comply with the rules of civil procedure or the court's orders. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

The Sixth Circuit has identified four factors to evaluate a District Court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Each factor weighs in favor of dismissal here.

The first factor "requires a clear record of delay or contumacious conduct," meaning "behavior that is perverse in resisting authority and 'stubbornly disobedient." *Carpenter*, 723 F.3d at 704-05 (internal quotation marks omitted). The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. *Id*. at 705.

4

Friezsell has shown a reckless disregard for the effect of his conduct on these proceedings. He was warned of the consequences of failing to maintain his address by orders dated September 1, 2020 (D.E. 11) and October 22, 2020 (D.E. 15). He has not responded to Defendant's motion for summary judgment; he may have never even received it on account of his failure to maintain his address. Although Freiszell almost certainly received the Court's November 23, 2020 Scheduling Order (D.E. 20), he has initiated no contact with the Court since December 2020. The Court prefers that prisoner cases be decided on their merits with full participation of the parties, but there is little the Court can do if the case becomes abandoned by the person who brought it. Accordingly, Frieszell's apparent abandonment of this case despite multiple warnings shows "reckless disregard" for the effect of his conduct on those proceedings. *Carpenter*, 723 F.3d at 705.

Concerning the second factor, Defendant has been prejudiced in the sense of having to waste time, money, and effort on abandoned litigation. *See Carpenter*, 723 F.3d at 707. Defendant filed a 13-page summary judgment memo along with numerous supporting documents that had to be compiled. D.E. 26.

Third, as noted above, Friezsell has been warned that abandoning the case could generate an adverse judgment. Finally, concerning whether less drastic sanctions are available, the Court notes that Frieszell has not participated in this case for six months and he will have fourteen days to object to this recommended disposition.

## III.

The Court has also evaluated (to the best of its ability under the circumstances) the merits of Defendant's motion for summary judgment. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is

5

required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id.* at 324. It is sufficient for a moving party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id.* Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). To establish a genuine issue of material fact exists, a party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, Frieszell alleges few specific facts. The complaint claims that oxygen was "limited or refused along with medications that I needed." Frieszell says he was "told [the] medications were to[o] expensive." D.E. 1 at 4. He lists his health problems and alleges the problems were "summarily ignored," which placed his life in "grave danger." He provides no details concerning the "threats of retaliation" he claims occurred.

6

To succeed on an Eighth Amendment claim related to a prisoner's medical treatment, the prisoner must prove that the prison officials unnecessarily and wantonly inflicted pain by acting with deliberate indifference toward the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also O'Bryan v. Fed. Bureau of Prisons*, No. 6:07-CV-76-DCR, 2007 WL 2571906, at *4 (E.D. Ky. Sept. 4, 2007). To prove a deliberate indifference claim, the plaintiff must establish both an objective element (that the medical condition was sufficiently serious) and a subjective element (that prison officials knew of, but consciously disregarded, a substantial risk of harm to the plaintiff's health). *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

And, in cases where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

> For the subjective component, the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care. A defendant has a sufficiently culpable state of mind if he knows of and disregards an excessive risk to inmate health or safety. This means that the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
>
> A plaintiff need not show that the defendant acted with the very purpose of causing harm, but must show something greater than negligence or malpractice. The standard, then, has generally been equated with one of "recklessness."

*Winkler v. Madison Cty.*, 893 F.3d 877, 891 (6th Cir. 2018) (citations and quotation marks omitted). The subjective element has been described as "more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison Cty.*

7

*Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Further, "the subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions[.]" *United States v. State of Mich.*, 940 F.2d 143, 154 n.7 (6th Cir. 1991); *accord Stevens v. Gooch*, 615 F. App'x 355, 360 (6th Cir. 2015).

To hold a municipality liable, as in this case, a plaintiff must prove that the municipality's policy or custom caused the alleged injury. Stated differently, the municipality, through its deliberate conduct, must have been the moving force behind the injury alleged. *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 286 (6th Cir. 2020).

Defendant's memorandum describes the medical care that was provided to Frieszell. D.E. 26-1. Defendant argues, "Frieszell's claim is supported only by his own conclusory statements that his medical needs were disregarded and that one of the medications he was given was not as effective as his pre-incarceration prescription. There is no medical proof to support either his assertion that his care was inadequate or the requisite showing of a detrimental effect." *Id*. at 11.

As noted, the few factual allegations in Frieszell's complaint are quite general and vague. D.E. 1 at 4-5. Defendants fill in the facts based on the medical records. D.E. 26-1 at 3-5. Based on those records, Defendant argues that, viewing the facts in Frieszell's favor there is nevertheless no evidence the treatment he received at Bourbon County was inadequate so as to support the objective element. *Id*. at 8-9. They also argue Frieszell cannot prove the subjective element. *Id*. at 9-10. They finally argue there is no evidence of a policy or custom that would support municipal liability. *Id*. at 11-13.

Summary judgment is warranted on the record as it stands. Judge Bertelsman signaled to Frieszell that he would need to demonstrate "the county has a policy or custom of denying inmates medications that are cost-prohibitive." D.E. 15. None of the facts before this Court (including the facts alleged in Frieszell's sworn complaint) suggest the existence of a policy or custom of Bourbon County that caused Frieszell's alleged injuries. There are no disputed issues of material fact on this essential element of Frieszell's claim. As the record stands, Defendant is entitled to judgment as a matter of law.

### IV.

The undersigned **RECOMMENDS** that Defendant's motion for summary judgment (D.E. 26) be **GRANTED** and also that Frieszell's case be **DISMISSED** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge.** Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 21st day of June, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge